May Y. SHOJI, et al., Plaintiffs,

v.

M. James GLEASON, Chairman, Board of County Commissioners, Multnomah County, Oregon, et al., Defendants.

Civ. No. 73–600.

United States District Court,
D. Oregon.

Oct. 6, 1976.

Donald R. Stark, Richard E. Alexander, Williams, Montague, Stark, Hiefield & Norville, P. C., Portland, Or., for plaintiffs.

Charles S. Evans, County Counsel, for Multnomah County, Howard Bergman, Deputy County Counsel, Portland, Or., for defendants.

## OPINION

Before GOODWIN, Circuit Judge, and EAST, Senior District Judge and BURNS, District Judge.

PER CURIAM.

■ Defendant Board of County Commissioners (Board), acting pursuant to ORS 368.405 et seq., undertook to widen a Multnomah county road adjacent to plaintiffs' real property. The Oregon statute required the county to conduct road viewer proceedings to fix a value for the property to be taken. Plaintiffs contend the statute is unconstitutional because it fails to provide for adequate notice of this hearing.[1] Because plaintiffs seek to enjoin the taking of their property, a three-judge court must be convened. 28 U.S.C. § 2281 et seq.

This court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 2201, and 42 U.S.C. § 1983.

The challenged statute requires the County to commence road widening by adopting a Resolution to widen. The County must send a copy of this Resolution, set out as appendix "A" to this opinion, by ordinary mail to record owners. The Resolution generally describes the affected area and legally describes the affected road. It advises the recipient that on a specified date the Board will hear objections to the proposed widening. Nowhere does the Resolution mention valuation or the road viewer proceeding; it merely speaks in terms of a "proposed road." The statute does, however, allow persons to contest the proposed award before the Board. The statute also provides that if dissatisfied with the award the owner may appeal to the Circuit Court. Relevant portions of the statute are set out as appendix "B".

Plaintiffs contend the statutory notice is constitutionally deficient in two respects. Citing *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), they contend that the notice fails fairly to apprise property owners of their right to a hearing on the value of the property taken. They further contend that notice by ordinary mail is insufficient and that notice by certified or registered mail is constitutionally required.

We need not reach the second contention because plaintiffs' first contention is well taken. The notice, *infra*, does nothing more than apprise the affected property owner that the Board proposes to widen a road. It gives no date, time, or notice of any proceeding at which damages for the property taken are to be evaluated and assessed; it does not apprise the affected owners that they may contest the proposed award before the Board and thereafter seek review in state courts. Although the notice refers to the statute, where the diligent and sophisticated might find descriptions of these procedures, we are concerned only with the adequacy of the notice itself.

■ Notice must be reasonably calculated under all the circumstances to apprise

---

1. Although the plaintiffs received actual written notice of the award proposed by the board of road viewers and of their opportunity to contest the amount before the Board, the parties have agreed to waive any argument concerning the possible curative effects of extra-statutory notice.

interested parties of the pendency of an action. It also must reasonably convey the required information, *Mullane, supra*, at 314, 70 S.Ct. 652. A notice which fails in either respect denies due process to interested parties. In light of all the circumstances and after reading the entire resolution, we cannot conclude that the notice sent reasonably conveyed the required information. Instead, it obscured it. Its dry prose and legalistic phrases obscured both the imminence and the significance of the proceedings to follow. A reasonable recipient easily could conclude that it was a notice of an event of general public interest rather than an initial, crucial step in a proceeding which could impinge upon his property rights.

Plaintiffs are thus entitled to prevail. Plaintiffs should prepare and submit a proposed form of judgment.

## APPENDIX A

BE IT REMEMBERED, that at a meeting of the Board of County Commissioners held May 8, 1969, the following action was taken:

| | |
|---|---|
| In the Matter of the Relocation, Widening and Establishment of N.E. and N. Columbia Boulevard No. 527, from N.E. 33rd Avenue westerly to N. Borthwick Avenue, to be known as N.E. and N. Columbia Boulevard No. 3988. | RESOLUTION<br><br>No. 3988 |

At this time the Board of County Commissioners of Multnomah County, Oregon, having duly determined to institute proceedings to relocate, widen and establish a section of N.E. and N. Columbia Boulevard No. 527, from N.E. 33rd Avenue westerly to N. Borthwick Avenue, to be known as N.E. and N. Columbia Boulevard No. 3988, and more particularly described as follows:

\* \* \* \* \* \*

(Legal description omitted)

The proposed road is located in Sections 10, 11, 13 and 14, T–1–N, R–1–E, W.M., in Multnomah County, Oregon, and the Board being satisfied that the relocation, widening and establishment of said road will be of public benefit for the following reason, to-wit: To provide for vehicular traffic currently generated and expected in the future from the rapid growth of industrial and commercial enterprises in the vicinity. It is therefore:

RESOLVED AND ORDERED, that pursuant to the authority vested in the Board of County Commissioners of Multnomah County, Oregon, by O.R.S. 368.470 and 373.-110 through said Commission, hereby declares its intention to relocate, widen and establish the county road as described above, *reserving the right to discontinue proceedings if considered desirable.* It is further

ORDERED that June 19th, 1969, being during the next term of said Board at 9:30 A.M. at Room 680, County Courthouse, Portland, Oregon, be set as the time and place at which the Board will hear objections to and remonstrances against the proposed relocation, widening and establishment of said road, and it is further

ORDERED, that the Director of the Department of Public Works, or a duly qualified deputy, is hereby ordered to give due and legal notice of said hearing by posting certified copies of the Resolution as provided in said section 368.470 O.R.S., and that notice be forwarded by mail, postage prepaid, to each record owner of land on or over which the proposed road or a portion thereof is to be laid out, located and established, at the last known post office address of such owner, and if the address of such owner be unknown to the person mailing such notice, that it be mailed to the address given on the latest tax roll in the office of the Tax Collector of said county, and if the address is unknown to the person mailing such notice, and cannot with reasonable diligence be ascertained and cannot be found in such latest tax roll, then such notice be addressed to such owner at Portland, Oregon, and it is further

ORDERED, that this Resolution be duly recorded in the deed records of Multnomah County, Oregon, by the Director of the De-

partment of Judicial Administration immediately upon filing thereof.

### BOARD OF COUNTY COMMISSIONERS FOR MULTNOMAH COUNTY

\*     \*     \*     \*     \*     \*

(Signatures omitted)

### APPENDIX B

### ESTABLISHING, ALTERING, VACATING AND LEGALIZING COUNTY ROADS

(General Provisions)

*368.405 Proceedings to establish and alter roads.* (1) Proceedings for the laying out, opening, establishment, alteration, straightening, locating and relocating of county roads shall be instituted in the following ways:

(a) By petition of freeholders.

(b) By resolution of the county court.

(c) By grant of owners of necessary rights of way.

(d) By condemnation proceedings.

(2) This section does not preclude acquiring public ways by adverse user.

\*     \*     \*     \*     \*     \*

*368.445 Proof of notice to accompany petition; posting and mailing notice.* (1) When the petition mentioned in ORS 368.-430 is presented to the county court for action it shall be accompanied by satisfactory proof by affidavit that:

(a) Notice has been posted at the place of holding county court and at three public places in the vicinity of the proposed road to be located, laid out, relocated or changed, 30 days previous to the presentation of the petition, notifying all persons concerned that the application will be made to the court at its next term.

(b) Notice has been forwarded by mail, postage prepaid, not less than 30 days prior to the date of presentation of the petition, to each record owner of land, on or over which the proposed road or portion thereof is to be laid out, relocated or changed, at the last-known post-office address of the owner.

(2) If the address of the owner is unknown to the person mailing the notice mentioned in paragraph (b) of subsection (1) of this section, it may be mailed to the address given on the latest tax roll in the office of the tax collector of the county. If the address is unknown to the person mailing the notice, cannot with reasonable diligence be ascertained and cannot be found on the latest tax roll, the notice may be addressed to the owner at the county seat of the county where the land is situated.

\*     \*     \*     \*     \*     \*

*368.455 Contents of notice.* (1) The notice served by mail, as provided in ORS 368.445, may be a copy of the original road notice certified to by one or more of the petitioners. Any other notice is sufficient if it:

(a) Gives the description of the proposed road, change or location, as set forth in the petition.

(b) Gives the date of presentation to the county court.

(c) Is signed by one or more of the petitioners.

(2) The notices to be posted shall consist of true copies of the petition properly certified as such by one of the signers of the petition, or, upon approval of the county court, may be certified and posted in the same manner as provided for the posting of notices for the establishment or change of road by resolution.

(3) The posting and mailing of a copy of the original petition duly certified as a true copy by one or more of the petitioners or by the attorney filing the petition, with a notation thereon as to the time and place for the presentation of the original petition to the county court, is sufficient compliance with the requirements as to the posting and mailing of notices.

*368.460 Court order upon presentation of petition.* Upon presentation of the petition mentioned in ORS 368.430 with satisfactory proof of posting and mailing notice, the county court shall, by order, direct the

board of county road viewers, on a day named in the order, or, on their failure to meet on such day, within 10 days thereafter, but not otherwise unless by order of the court, to view, survey if necessary, lay out, locate, relocate or change the road as set forth in the petition, assess the damages and file its report on or before the day specified in the order of the court, which shall not be more than 90 days from the date of the order.

\*     \*     \*     \*     \*     \*

(*Resolution to Establish or Alter*)

*368.470  Establishment and alteration of roads by resolution.*  (1) The county court of any county at any regular term may, by resolution, declare its intention to locate, establish, alter, widen, straighten or change the direction of any road.  *Notice shall thereupon be given as provided for upon the filing of a petition for such purposes,* (emphasis added) and like proceedings shall be had by the county court as in the case of the filing of a petition before it, asking for the improvement, except as otherwise provided in this section.

(2) The notices posted shall consist of true copies of the resolution of the county court, properly certified to as such by the county clerk.  The notices shall be posted by the county roadmaster, county engineer, county surveyor or a duly qualified deputy, as directed by the county court.

(3) No bond is required.

(4) If any objections or remonstrances are presented or filed, the county court shall hear the same, and may, for good and sufficient reasons, overrule and deny the same.

(5) All damages shall be paid for out of the county road fund.

\*     \*     \*     \*     \*     \*

(7) The county court may procure right of way, either by acceptance of donations, purchase or agreement, or a board of road viewers may be appointed whose sole duty is to determine and assess the damages, taking into consideration the benefits, of the road as located.

\*     \*     \*     \*     \*     \*

*368.480  Procedure of road viewers.*  The board of county road viewers, when qualified, shall meet at the time and place specified in the notice of the county court, or within 10 days thereafter, take to their assistance such persons as deemed necessary and proceed to view, survey if necessary, lay out, locate, relocate, alter or change the road in the following manner:

\*     \*     \*     \*     \*     \*

(2) The board shall assess and determine how much less valuable the premises are through which the road is or is to be located, and set forth the same in their report. The report when adopted by the county court shall be considered the true damages suffered by anyone through whose premises the road is located.

(3) The board shall also make out a report in writing, stating its recommendation in favor of or against the establishment or alteration of the road and setting forth the reasons for the same.

*368.485  Report or summary publicly read.*  At the next regular term or meeting of the county court following the expiration of 10 days after the filing of the report of the board of county road viewers mentioned in ORS 368.480, the court shall cause the same, or a summary thereof, to be publicly read on two different meetings of the court.

(Amended by 1971 c. 135 § 2)

*368.490  Petitions for damages and remonstrances.*  At any time prior to the expiration of the day on which the report mentioned in ORS 368.480 is publicly read for the second time, any person whose lands are directly affected by the report may file a petition for damages, and any freeholder, residing in the road district where the road is located, whose name does not appear upon the petition, may file a remonstrance against the proposed establishment.  In counties where divisional road districts, as defined in ORS 368.430, no longer exist, any freeholder qualified to file a remonstrance under this section must be a resident within the territorial limits of the last divisional road district which existed where the road

is proposed to be located, laid out, relocated or changed. Failure to file a petition for damages within the time allowed by this section is a waiver of all rights thereto by every person interested therein, except minors or other persons under disability.

*368.495 Report adopted by court; court order.* On the day following the second reading of the report mentioned in ORS 368.480, the county court shall consider the report, and if no petition for damages or remonstrance with a greater number of remonstrators than there is of the petitioners upon the petition, is filed within the time prescribed in ORS 368.490, and if the court is satisfied that the road will be of public utility and the amount of the damages assessed is just and equitable and the report of the viewers is favorable thereto, the court shall accept the report. The court shall enter an order directing that warrants be issued to the persons and in the amounts designated in the report, that the road be finally surveyed and opened, and that the field notes be recorded in suitable books kept for that purpose in the office of the county surveyor. From the date of the order the road shall be a public highway.

\* \* \* \* \* \*

*368.510 Hearing on petition for damages.* If a petition for damages is filed, the county court shall, on the day following the second reading of the report of the board of county road viewers, proceed to consider such petition, and for such purpose may, from time to time, by an order entered in its journal, continue its hearing to a day certain, but in no event shall the hearing be postponed longer than two consecutive terms.

\* \* \* \* \* \*

*368.525 Appeal to circuit court; costs on appeal.* Any resident freeholder of the road districts where the road is to be established, altered, relocated or changed, or any person whose lands are directly affected by the proceeding, may within 20 days after the report mentioned in ORS 368.480 is adopted by the county court, appeal therefrom to the circuit court of the county.

The appeal shall be taken to the circuit court in the manner provided by law for appeals from the justice of the peace to the circuit court. If the appellant fails to recover a judgment more favorable than the order appealed from, he shall pay all costs of the appeal.

ALFRED T. GOODWIN, Circuit Judge (dissenting).

We begin with the proposition that federal courts do not strike down state statutes merely because of unwise policy choices or inept drafting. First we must find a denial of due process of law.

While I can agree with much of the majority's concern about the present-day application of Nineteenth Century road-viewer legislation, I doubt that this legislation was unconstitutional when road improvements were much sought after or that it has become unconstitutional by reason of the passage of time and the inflation of land values.

The landowners concede that the notice told them the road past their property was to be widened. This procedure ordinarily involves the slicing off of some private property on one side or both sides. Ordinary prudence, even curiosity, would prompt most landowners to ask two questions: (1) how much land? and (2) which side of the road?

The notice set the time and place of the hearing. Had the landowners attended the hearing, or asked someone to attend on their behalf, this case might not be here. It seems to me that the owners received reasonable notice. If their building was sitting in part upon the proposed taking covered by the notice, their problem is one of due care rather than of due process. I would dismiss the case.